IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMOS BELLAMY, *et al.*,

    Plaintiffs,

v.

TAYLOR COUNTY
SCHOOL BOARD, *et al.*,

    Defendants.
_____/

Case No. 4:83-cv-7124

**PARTIES' JOINT MOTION TO REOPEN THE COURT FILE**

All Defendants and Class Representatives Tommy B. Williams, Shirlie Scott (previously Curry), Veleta Roberson (née Curry), and Lessie M. Gent (née Johnson)[1] file this joint motion, respectfully requesting that this Court reopen the file in this case, for the reasons set forth in the following Memorandum.

**MEMORANDUM**

**A. Background of the Case**

1. On April 20, 1983, Plaintiffs Williams, Scott, Roberson, Gent, and ten other individuals filed this class action suit against the Taylor County School Board and its five members. (Compl., Doc. 1.) Plaintiffs alleged that the at-large election

---

[1] Other class representatives Amos Bellamy, Willie E. Johnson, Charlie Mae Miller, Essie Mae Anderson, Lillie M. Jones, Annie Lee Pigford, E.K. "Jack" Scott, Randolph Woodfaulk, and Wallace Nesbitt have passed away. Plaintiffs' counsel attempted to contact class representative Mery Ann Jones by telephone, letter, and in-person visits, but was unable to reach her.

1

system for the School Board then in place illegally excluded Black representation and participation, canceling out Black voting strength in violation of their rights protected by the Voting Rights Act. (*Id.* ¶ 1.)

2. This suit was one of a trio of voting rights cases challenging at-large elections in Taylor County, the other two being *Bellamy v. Taylor County*, No. 4:83-cv-7126, and *Bellamy v. City of Perry*, No. TCA 83-7125-MMP. The Court consolidated the *Taylor County* case with this action on July 14, 1983. (Order of Consolidation, Doc. 11, copy filed at ECF No. 3-1.)

3. The Court, Judge Maurice M. Paul, entered a consent decree on December 8, 1983, certifying a class of "all black residents of Taylor County, Florida," enjoining the School Board from conducting elections on an at-large basis, and ordering it to implement the specific districting plan agreed to by the Parties, including one district (District 5) with a majority of Black voters and residents. (Final J. ¶¶ 1, 5–6, Doc. 40.) The consent decree "set[] forth the mechanism and[] plan schedule for the Taylor County School Board, Florida, to conduct future elections for the members of the School Board in accordance with the Voting Rights Act and the Fourteenth and Fifteenth Amendments" and "adopted and incorporated" the agreed plan as the remedy. (*Id.* ¶ 6.)

4. The Final Judgment remains in effect today, binds Defendants, and serves as an adjudication of the rights of class members. The redistricting plan the

Court ordered in the Final Judgment has been in use, unaltered, since 1983.

### B. The 2020 Census Redistricting Process

5. Following the release of the 2020 U.S. Census, the School Board analyzed its district map and determined that Taylor County had experienced significant population shifts, resulting in substantial inequality of population between the five districts.

6. The School Board developed a new district map, fulfilling its duty to adjust the district boundaries from time to time when population changes necessitate, *see, e.g.*, *Avery v. Midland Cnty.*, 390 U.S. 474 (1968); *Brown v. Thomson*, 462 U.S. 835 (1983); FLA. CONST. art. VIII, § 1(e), while also complying with the mandates of the Voting Rights Act.

### C. Limiting Reopening of the Case

7. The Parties now request that the Court reopen the file in this case so that the Final Judgment can be amended to conform to this new, updated redistricting plan.

8. Along with this Motion, the Parties have jointly moved for modification of judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), to permit the School Board to update its redistricting map in accordance with the 2020 Census and the Voting Rights Act.

9. Additionally, Plaintiffs have filed an unopposed motion to substitute

new class representatives in this matter, in lieu of several original plaintiffs who have passed away.

10. The Parties do not anticipate any contested issues during this short reopening of the case, nor do they plan to request any hearing or other conference.

11. The relief the Parties request is similar to that granted in other Voting Rights Act cases, where local governments and plaintiffs have sought agreed-to updates to court-ordered redistricting maps following the release of new census figures. *See, e.g.*, *Fla. State Conf. of Branches & Youth Units of NAACP v. Bradford Cnty. Sch. Bd.*, No. 3:86-CV-4-TJC-MCR, 2023 WL 5945928 (M.D. Fla. Sept. 12, 2023); *Bradford Cnty. Branch of NAACP v. City of Starke*, No. 3:86-cv-5-MMH-LLL (M.D. Fla. May 24, 2022) (ECF 10); *Glenn v. Jackson Cnty.*, Case No. 5:84-CV-2110-RV (N.D. Fla. Mar. 15, 2022) (ECF 72); *Glenn v. Jackson Cnty. Sch. Bd.*, Case No. 5:84-CV-2109-RV (N.D. Fla. Feb. 16, 2022) (ECF 54); *Tallahassee Branch of NAACP v. Leon Cnty.*, Case No. 4:83-CV-7480-WS (N.D. Fla. Dec. 20, 2021) (ECF 147, 150, 152) (orders granting motions to modify judgment).

12. Nearly identical filings were recently submitted in the consolidated case against Taylor County, No. 4:83-cv-7126-RH-MAF.

**WHEREFORE**, the Parties respectfully request that the Court grant their Joint Motion to Reopen the Court File.

## LOCAL RULE 7.1(C) CERTIFICATE OF CONFERRAL

Undersigned counsel Nicholas L.V. Warren attempted to confer with Plaintiff Mery Ann Jones by contacting her by telephone, letter, and in-person visits, but was unable to reach her after diligent efforts.

Respectfully submitted this 10th day of April, 2024,

| | |
|---|---|
| /s/ *Nicholas L.V. Warren* | /s/ *Angela M. Ball* |
| Nicholas L.V. Warren (FBN 1019018) | Angela M. Ball (FBN 796557) |
| **ACLU Foundation of Florida** | **Angela M. Ball, P.A.** |
| 1809 Art Museum Drive, Suite 203 | P.O. Box 734 |
| Jacksonville, FL 32207 | Perry, FL 32348-0734 |
| (786) 363-1769 | (850) 584-8960 |
| nwarren@aclufl.org | angela@angelaballpa.com |
| | |
| Daniel B. Tilley (FBN 102882) | *Counsel for Defendants* |
| Caroline A. McNamara (FBN 1038312) | |
| **ACLU Foundation of Florida** | |
| 4343 West Flagler Street, Suite 400 | |
| Miami, FL 33134 | |
| (786) 363-2714 | |
| dtilley@aclufl.org | |
| cmcnamara@aclufl.org | |

*Counsel for the Plaintiff Class*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on Defendants by emailing a copy to Defendants' counsel Angela M. Ball at angela@angelaballpa.com, which method of service she consented to in writing, on April 10, 2024. I certify that I have served a copy of the foregoing on Plaintiff Mery Ann Jones by mailing a copy to her residential address at 1201 North Avenue, Perry, FL 32348, on April 10th, 2024.

                                         */s/ Nicholas L.V. Warren*
                                         Nicholas Warren (FBN 1019018)