IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMOS BELLAMY, *et al.*,

    *Plaintiffs,*

v.

TAYLOR COUNTY
SCHOOL BOARD, *et al.*,

    *Defendants.*
_____/

Case No. 4:83-cv-7124

## PARTIES' JOINT MOTION TO MODIFY JUDGMENT

Defendants Taylor County School Board and its individually named members; Plaintiffs Tommy B. Williams, Shirley Scott (previously Curry), Veleta Roberson (née Curry), and Lessie M. Gent (née Johnson);[1] and Proposed Class Representatives Ernestine Mitchell, Timothy Flowers, Benjamin Flowers, and Christopher Sneed[2] move to modify the Final Judgment in this case, dated December 8, 1983 (Doc. 40), pursuant to Federal Rule of Civil Procedure 60(b)(6). A copy of the Final Judgment is attached as Exhibit 1.

---

[1]     Other class representatives Amos Bellamy, Willie E. Johnson, Charlie Mae Miller, Essie Mae Anderson, Lillie M. Jones, Annie Lee Pigford, E.K. "Jack" Scott, Randolph Woodfaulk, and Wallace Nesbitt have passed away. Plaintiffs' counsel attempted to contact class representative Mery Ann Jones by telephone, letter, and in-person visits, but was unable to reach her.

[2]     Plaintiffs' Consent Motion to Substitute Class Representatives (ECF No. 5) is pending.

## MEMORANDUM

### A. Background of the Case

1. On April 20, 1983, Plaintiffs Williams, Scott, Roberson, Gent, and eleven other individuals filed this class action suit against the Taylor County School Board and its five members. (Compl., Doc. 1.) Plaintiffs alleged that the at-large election system for the School Board then in place illegally excluded Black representation and participation, canceling out Black voting strength in violation of their rights protected by the Voting Rights Act. (*Id.* ¶ 1.)

2. This suit was one of a trio of voting rights cases challenging at-large elections in Taylor County, the other two being *Bellamy v. Taylor County*, No. 4:83-cv-7126, and *Bellamy v. City of Perry*, No. TCA 83-7125-MMP. The Court consolidated the *Taylor County* action with this case on July 14, 1983. (Order of Consolidation, Doc. 11, copy filed at ECF No. 3-1.)

3. The Court, Judge Maurice M. Paul, entered a consent decree on December 8, 1983, certifying a class of "all black residents of Taylor County, Florida," enjoining the School Board from conducting elections on an at-large basis, and ordering it to implement the specific districting plan agreed to by the Parties, including one district (District 5) with a majority of Black voters and residents. (Final J. ¶¶ 1, 5–6, Doc. 40.) The consent decree "set[] forth the mechanism and[] plan schedule for the Taylor County School Board, Florida, to conduct future

elections for the members of the School Board in accordance with the Voting Rights Act and the Fourteenth and Fifteenth Amendments" and "adopted and incorporated" the agreed plan as the remedy. (*Id.* ¶ 6.)

4. The Final Judgment remains in effect today, binds Defendants, and serves as an adjudication of the rights of class members. The redistricting plan the Court ordered in the Final Judgment has been in use, unaltered, since 1983.

### B. The 2020 Census Redistricting Process

5. Following the release of the 2020 U.S. Census, the School Board analyzed its district map and determined that Taylor County had experienced significant population shifts, resulting in substantial inequality of population between the five districts.

6. The School Board developed a new district map, fulfilling its duty to adjust the district boundaries from time to time when population changes necessitate, *see, e.g.*, *Avery v. Midland Cnty.*, 390 U.S. 474 (1968); *Brown v. Thomson*, 462 U.S. 835 (1983); Fla. Stat. § 1001.36(1), while also complying with the mandates of the Voting Rights Act.

7. This effort culminated in the School Board's enactment of a new redistricting resolution on January 16, 2024. A copy of the resolution is attached as Exhibit 2.

### C. Modification of Judgment

8. The Parties seek this Court's approval of the adopted single-member district boundary plan, and seek the Court to order implementation of the new plan for all future elections.

9. The Parties are entitled to relief from this Court's Final Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."

10. Without a modification of the Final Judgment, the School Board will not be able to comply with its mandatory duty to maintain single-member districts of relatively equal population, as the U.S. Constitution requires.

11. In addition to bringing the Commission into compliance with the "One Person, One Vote" requirements of federal and state law, the newly adopted redistricting plan also fully complies with the Voting Rights Act and the other requirements of the Court's Final Judgment. Namely, the new plan affords Black voters in Taylor County an equal opportunity to participate in the political process and elect representatives of their choice, and features a district (District 5) that has a majority of Black voters by registration, by turnout in the last general election, and by voting-age population.

12.     The relief the Parties request is similar to that granted in other Voting Rights Act cases, where local governments and plaintiffs have sought agreed-to updates to court-ordered redistricting maps following the release of new census figures. *See, e.g.*, *Fla. State Conf. of Branches & Youth Units of NAACP v. Bradford Cnty. Sch. Bd.*, No. 3:86-CV-4-TJC-MCR, 2023 WL 5945928 (M.D. Fla. Sept. 12, 2023); *Bradford Cnty. Branch of NAACP v. City of Starke*, No. 3:86-cv-5-MMH-LLL (M.D. Fla. May 24, 2022) (ECF 10); *Glenn v. Jackson Cnty.*, No. 5:84-cv-2110-RV (N.D. Fla. Mar. 15, 2022) (ECF 72); *Glenn v. Jackson Cnty. Sch. Bd.*, No. 5:84-cv-2109-RV (N.D. Fla. Feb. 16, 2022) (ECF 54); *Tallahassee Branch of NAACP v. Leon Cnty.*, No. 4:83-CV-7480-WS (N.D. Fla. Dec. 20, 2021) (ECF 147, 150, 152) (orders granting motions to modify judgment).

**WHEREFORE**, the Parties respectfully request that the Court grant their Joint Motion to Modify Judgment and enter an order approving the single-member district boundary adjustments as reflected in the 2024 redistricting resolution, and ordering the School Board to implement them for future elections.

### LOCAL RULE 7.1(C) CERTIFICATE OF CONFERRAL

Undersigned counsel Nicholas L.V. Warren attempted to confer with Plaintiff Mery Ann Jones by contacting her by telephone, letter, and in-person visits, but was unable to reach her after diligent efforts.

Respectfully submitted this 10th day of April, 2024,

| | |
|---|---|
| */s/ Nicholas L.V. Warren* | */s/ Angela M. Ball* |
| Nicholas L.V. Warren (FBN 1019018) | Angela M. Ball (FBN 796557) |
| **ACLU Foundation of Florida** | **Angela M. Ball, P.A.** |
| 1809 Art Museum Drive, Suite 203 | P.O. Box 734 |
| Jacksonville, FL 32207 | Perry, FL 32348-0734 |
| (786) 363-1769 | (850) 584-8960 |
| nwarren@aclufl.org | angela@angelaballpa.com |
| | |
| Daniel B. Tilley (FBN 102882) | *Counsel for Defendants* |
| Caroline A. McNamara (FBN 1038312) | |
| **ACLU Foundation of Florida** | |
| 4343 West Flagler Street, Suite 400 | |
| Miami, FL 33134 | |
| (786) 363-2714 | |
| dtilley@aclufl.org | |
| cmcnamara@aclufl.org | |

*Counsel for the Plaintiff Class*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on Defendants by emailing a copy to Defendants' counsel Angela M. Ball at angela@angelaballpa.com, which method of service she consented to in writing, on April 10, 2024. I certify that I have served a copy of the foregoing on Plaintiff Mery Ann Jones by mailing a copy to her residential address at 1201 North Avenue, Perry, FL 32348, on April 10, 2024.

                                        */s/ Nicholas L.V. Warren*
                                        Nicholas Warren (FBN 1019018)